Dear Honorable Dahl,
The Attorney General has received your request for an official opinion asking, in effect:
 Does a bank's previously perfected security interest in cattle, created pursuant to 12A O.S. 9-101 et seq. (1981), have priority over an agister's or feedman's lien as created under 4 O.S. 191, 4 O.S. 192 (1981)?
As you note in your question, title 4 O.S. 191 and 4 O.S. 192 (1981), create what are often referred to as agister's and feedman's liens. 4O.S. 191 creates an agister's lien, providing:
 "Any person employed in feeding, grazing or herding any domestic animals, whether in pasture or otherwise, shall have a lien on said animals for the amount due for such feeding, grazing or herding."
Similarly, a feedman's lien is created under 4 O.S. 192, which states:
 "Any person, partnership, firm or corporation in this State, or in any border county of the adjacent States, furnishing or providing to the owner of such domestic animals any corn, feed, forage or hay, for the sustenance of such domestic animals, shall have a lien on said animals for the amount due for such corn, forage, feed and hay."
Your question asks whether secured interests created pursuant to the Uniform Commercial Code, 12A O.S. 9-101 et seq. (1981), have priority over subsequently created agister's or feedman's lien, when cattle subject to both liens are sold.
This issue was decided by the Supreme Court in the case of Leger MillCo., Inc. v. Kleen-Leen, Inc., 563 P.2d 132 (Okla. 1977). In that case, the Court first noted that it has long been held in Oklahoma that agister's liens are statutorily created liens which are "non-possessory and not dependent upon possession." 563 P.2d at 135, citing Nat'l Bank ofCommerce v. McDaniel, 174 P. 286 (Okla. 1918). Although the Uniform Commercial Code governs the priority of secured interests and possessory liens, the Court continued, it is "totally inapplicable to non-possessory liens," thus their priorities are governed by pre-Code case law.563 P.2d at 136. Under Oklahoma case law, the Court noted, the general rule is that "a valid recorded chattel mortgage takes precedence over any later acquired feedman's lien." Id.
It should be noted that the Court, in Leger Mill Co., discussed an exception to the general rule cited above. The Court stated:
 "The knowledge and consent exception which will allow a subsequent lien holder to prevail over a previous recorded mortgage is dependent upon two essentials. First, upon mortgagee's knowledge that feed is being, or will be, supplied at the expense of the feeder, and second, upon mortgagee's promises or actions which induce feeder to supply feed to his detriment, based upon the belief that mortgagee has consented to the arrangement and will hold him harmless." 563 P.2d at 137.
Whether these criteria are met in any given situation is, of course, a question of fact which may not be addressed in an Attorney General Opinion.
It is, therefore, the official opinion of the Attorney General that asa general rule under Oklahoma case law a bank's security interest incattle, properly perfected under the provisions of the Uniform CommercialCode, 12A O.S. 9-101 et seq. (1981), has priority over agister's orfeedman's liens, as created under 4 O.S. 191, 4 O.S. 192 (1981).Exceptions to this general rule involve questions of fact which may notbe determined in an Attorney General Opinion.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
SUSAN BRIMER AGOSTA, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, LEGAL SERVICES